IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| vs. ) ) ) | COMPLAINT |
| CHRISKOLL, INC. d/b/a BROOKHAVEN BURGER KING, ) ) ) | JURY TRIAL DEMANDED |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Right Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Gary Majors who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that Defendant, Chriskoll, Inc. d/b/a Brookhaven Burger King, discriminated against Mr. Majors on the basis of his religion (Muslim), when it failed to accommodate his religious beliefs, when it thereafter terminated him from his full-time employment. As a result of the discrimination and discharge, Mr. Majors suffered severe emotional distress and backpay losses.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, upon information and belief, Defendant, Chriskoll, Inc. d/b/a Brookhaven Burger King, a franchised restaurant which is independently owned and operated by franchisee corporation, Chriskoll, Inc., has been doing business in the Commonwealth of Pennsylvania and the City of Brookhaven, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the initiation of this lawsuit, Gary Majors filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 10, 2004, Defendant has engaged in unlawful employment practices at its Brookhaven, Pennsylvania restaurant, by discriminating against Gary Majors based upon his religion, Muslim, by failing to accommodate his religious beliefs, and instead, terminating him in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

2

(a)  Gary Majors is a devout Muslim. He was hired to work at Defendant's Burger King restaurant in Brookhaven, Pennsylvania as a food handler in or about October of 2004. At the time Mr. Majors was hired by Defendant, he had a beard. It is believed and therefore averred that during the relevant time period, Mr. Majors was the only employee who had a beard and the only employee who was Muslim. He reported to Senior Manager, Anna Cordero.

(b)  In and around November, 2004, Defendant gave all male employees a thirty-day verbal notice that they needed to be "clean shaven." This mandate was made part of Defendant's written "Crew Appearance" policy which provides, "Mustaches must be neatly trimmed. Beards are not permitted." However, Defendant indicated to its employees that individuals are permitted to have a beard if for religious purposes.

(c)  On or about December 10, 2004, Mr. Majors informed Ms. Cordero that he is Muslim and cannot remove his beard due to the requirements of his religion. Ms. Cordero requested that Mr. Majors provide written documentation from his religious leader affirming his religious affiliation. Mr. Majors was then removed from the schedule and sent home.

(d)  On or about December 20, 2004, Mr. Majors complied with Ms. Cordero's request and provided the Restaurant Manager, Andrea Schultz, a letter from his Imam dated December 17, 2004 stating that Mr. Majors "had been a member in good standing with the Muslim Community since May of 1991".

(e)  Notwithstanding the December 17th letter from Mr. Major's Imam, Ms. Schultz demanded that Mr. Major provide additional documentation specifically stating that he could not shave his beard. When Mr. Major suggested that Ms. Schultz contact his Imam directly to obtain the additional information since the Iman was away for an extended period of time, Ms. Schultz refused

and declined to do so.

(f)  On December 29, 2004, Ms. Cordero informed Mr. Majors that he was terminated for violation of Defendant's rules, namely, failure to shave or provide confirmation of his religious beliefs.

8.  The effect of the practices complained of in paragraph 7, and its sub-parts (a) through (f) above, has been to deprive Gary Majors of equal employment opportunities and otherwise adversely affect his status of an employee because of his religion, Muslim.

9.  The unlawful employment practices complained of in paragraph 7, and its sub-parts (a) through (f) above, were intentional.

10.  The unlawful employment practices complained of in paragraph 7, and its sub-parts (a) through (f) above, were done with malice or with reckless indifference to the federally protected rights of Mr. Majors.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any other employment practice which discriminates on the basis of religion, including but not limited to failing to accommodate the religious beliefs of employees and terminating employees on the basis of their religion.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees of all religions, including Muslim employees, and which eradicate the effects of its past and present unlawful employment practices.

4

C.  Order Defendant Employer to institute and carry out anti-discrimination and anti-retaliation policies and complaint procedures.

D.  Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination and retaliation.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination and/or retaliation of which they become aware to the department charged with handling such complaints.

F.  Order Defendant Employer to make whole Gary Majors by providing appropriate back pay, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.  Order Defendant Employer to make whole Gary Majors by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, and its sub-parts (a) through (f) above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H.  Order Defendant Employer to make whole Gary Majors by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7, and its sub-parts (a) through (f) above, including, but not limited to, pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and

5

inconvenience, in amounts to be determined at trial.

  I. Order Defendant Employer to pay Gary Majors punitive damages for its malicious and reckless conduct described in paragraph 7, and its sub-parts (a) through (f) above, in amounts to be determined at trial.

  J. Grant such further relief as the Court deems necessary and proper in the public interest.

  K. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

          JAMES L. LEE
          Deputy General Counsel

          GWENDOLYN YOUNG REAMS
          Associate General Counsel

          U.S. EQUAL EMPLOYMENT
          OPPORTUNITY COMMISSION
          1801 L. Street, NW
          Washington, DC 20507

          */s/ Jacqueline H. McNair*
          JACQUELINE H. MCNAIR
          Regional Attorney

          */s/ Judith A. O'Boyle*
          JUDITH A. O'BOYLE
          Supervisory Trial Attorney

          */s/ Donna Williams-Alexander*
          DONNA WILLIAMS-ALEXANDER
          Trial Attorney

          */s/ Stephanie Marino*
          STEPHANIE MARINO
          Trial Attorney
          PA I.D. # 77752
          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          Philadelphia District Office
          The Bourse Building
          21 S. 5th Street, Suite 400
          Philadelphia, PA 19106
          Telephone: (215) 440-2841
          stephanie.marino@eeoc.gov